**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALI BARARSANI,

                Plaintiff-Appellant,

   v.

HDI GLOBAL INSURANCE
COMPANY, a Illinois corporation,

                Defendant-Appellee,

 and

DOES, 1-10, inclusive,

                Defendant.

No. 21-56325

D.C. No.
2:21-cv-03679-PA-SHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 7, 2023
Pasadena, California

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BOGGS,[**] IKUTA, and DESAI, Circuit Judges.

Ali Bararsani appeals the denial of his partial motion for summary judgment, the grant of the motion for summary judgment in favor of HDI Global Insurance Company (HDI), and the denial of his motion for reconsideration. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

HDI has no duty to defend Bararsani in the lawsuit brought by Arturo Rubinstein because Bararsani failed to show that the lawsuit includes "claims that create a *potential* for indemnity under the policy." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 805 (9th Cir. 2017) (citing *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005)); *see also Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 59 Cal. 4th 277, 287 (2014). Bararsani's insurance policy provides coverage for a "Claim," defined as "a demand for money," that results from "a Wrongful Act," defined as "[a] negligent act, error, or omission," committed during the policy

---

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

period.[1]  In his briefing and at oral argument, Bararsani argued that the requests for admission received after the district court's partial summary judgment order establish the potential for coverage.  The requests, however, were not part of the record before the district court when it denied Bararsani's motion for partial summary judgment, and this court does not consider them in reviewing that decision.  Moreover, Bararsani concedes that the complaint does not allege that he committed a Wrongful Act as defined by the policy after March 14, 2018.  Bararsani also fails to point the court to extrinsic evidence of such a Wrongful Act or show that one is "fairly inferable" merely from his continued representation of Rubinstein through April 25, 2018.  *See Scottsdale Ins. Co.*, 36 Cal. 4th at 654.  Therefore, he has not identified a claim that gives rise to a duty to defend.

The district court did not abuse its discretion in denying Bararsani's motion for reconsideration, *see Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), because Bararsani knew of the information contained in the requests for

---

[1]  The insurance policy covers, in relevant part:  "Claims as a result of a Wrongful Act in performing Insured Services for anyone other than You."  The policy defines "Claim" to mean "a demand for money or for services that alleges a negligent act, error, or omission in the rendering of or failure to render Insured Services."  Finally, the policy defines "Wrongful Act" in relevant part as:  "[T]he following conduct or alleged conduct by You or any person or organization for whom You are legally liable:  1. a negligent, act, error, or omission."  The policy provides that the coverage period was March 14, 2018 through March 14, 2021.

admission at the time of summary judgment and could have raised that information to the district court, *see Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."). And contrary to Bararsani's contention, the district court properly considered all of the material facts before it.

AFFIRMED.